IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 22, 2016 Session

**STATE OF TENNESSEE v. ROGER DALE STEWART**

**Direct Appeal from the Criminal Court for Hawkins County**
**No. 13CR81      John F. Dugger, Jr., Judge**

_____

**No. M2015-00820-CCA-R3-CD – Filed October 18, 2016**

_____

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I agree with most of the conclusions set forth in the majority opinion. I write separately, however, to respectfully dissent from the majority's conclusion that the trial court's merger of the defendant's reckless endangerment convictions does not constitute plain error.

The majority addresses this issue in a footnote of the opinion and correctly concludes that the trial court erred by merging the defendant's reckless endangerment convictions because the State elected to prosecute the defendant in Counts 2 and 3 for criminal acts committed against individually named victims. See State v. Cross, 362 S.W.3d 512, 519 n.5 (Tenn. 2012). Moreover, such dual convictions do not violate double jeopardy. See State v. Watkins, 362 S.W.3d 520, 556-57 (Tenn. 2012). However, the majority also concludes, without any explanation, that the trial court's error does not rise to the level of plain error because "our consideration of such is not necessary to do substantial justice" under Adkisson. This is where the majority and I disagree. This court has repeatedly held that a trial court's improper merger of offenses constitutes plain error. See State v. Jonathan Downey, No. M2013-01099-CCA-R3-CD, 2014 WL 820274, at *10 (Tenn. Crim. App. at Nashville, Feb. 28, 2014), perm. to appeal denied, (Tenn. June 25, 2014), State v. David Eugene Breezee, No. W2011-01231-CCA-R3-CD, 2012 WL 6728345, at *8 (Tenn. Crim. App. at Jackson, Dec. 28, 2012), perm. to appeal denied, (Tenn. May 14, 2013); State v. David E. Offutt, No. M2007-02728-CCA-R3-CD, 2009 WL 2567870, at *7 (Tenn. Crim. App. at Nashville, Aug. 20, 2009), perm. to appeal denied, (Tenn. Mar. 1, 2010). Moreover, in Downey, a panel of this court specifically concluded that consideration of such error was necessary to do substantial justice because the erroneous merger deprived the State of the benefit of the jury's verdict for the merged offense. No. M2013-01099-CCA-R3-CD, 2014 WL 820274, at *10.

In sum, I believe the trial court committed plain error by merging the defendant's reckless endangerment convictions. Therefore, I would remand this case in order for the court to reinstate the conviction of reckless endangerment in Count 3 and to resentence the defendant.

_____
NORMA MCGEE OGLE, JUDGE